Submitted November 4, affirmed December 16, 2015, petition for review denied June 16, 2016 (359 Or 777)

LAIRD WAYNE HILL,
*Petitioner-Appellant,*

*v.*

Rick COURSEY,
Superintendent,
Eastern Oregon Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
CV120409; A154700

364 P3d 354

Rankin Johnson, IV, filed the brief for appellant. Laird Wayne Hill filed the supplemental brief *pro se.*

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Cecil A. Reniche-Smith, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and Garrett, Judge, and Schuman, Senior Judge.

PER CURIAM

## PER CURIAM

Petitioner appeals from a judgment denying his petition for post-conviction relief. We reject without written discussion petitioner's arguments raised in his *pro se* supplemental brief and write only to address his contention that, at his criminal trial for multiple counts of first-degree sexual abuse, his attorney was constitutionally inadequate for failing to object to testimony by an investigating officer, which in petitioner's view, impermissibly commented on the credibility of another witness. The officer, Detective Knox, testified that she had told petitioner when interviewing him during the criminal investigation that she believed that the victim was being truthful about the victim's allegations that petitioner sexually abused her.

Although it is well established that a witness may not comment on the credibility of another witness, *see State v. Middleton*, 294 Or 427, 438, 657 P2d 1215 (1983) ("[I]n Oregon a witness, expert or otherwise, may not give an opinion on whether he believes a witness is telling the truth."), we recently reiterated that that principle does not render inadmissible out-of-court statements commenting on credibility. *State v. Chandler*, 269 Or App 388, 394, 344 P3d 543, *rev allowed*, 357 Or 550 (2015) (concluding that the Supreme Court's decision in *State v. Lupoli*, 348 Or 346, 234 P3d 117 (2010), did not disturb that rule as held in *State v. Odoms*, 313 Or 76, 83-84, 829 P2d 690 (1992)). Here, Knox's testimony recounted an out-of-court statement—her view on the victim's truthfulness that she expressed during an investigatory interview with petitioner. Under *Chandler*, that recitation of a prior out-of-court statement was not impermissible vouching. Accordingly, petitioner's trial counsel was not constitutionally inadequate for failing to object to the testimony on the basis that it constituted impermissible vouching, and the post-conviction court did not err by denying petitioner post-conviction relief on that ground.

Affirmed.